IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| T-M VACUUM PRODUCTS, INC., | § § § | |
| PLAINTIFF | § § | CASE NO. 07-4108 |
| VS. | § § § | |
| TAISC, INC., d/b/a GLOBALEASE SOLUTIONS, | § § § § | |
| DEFENDANT | § | |

## COMPLAINT

Plaintiff T-M Vacuum Products, Inc. complains of and against Defendant TAISC, Inc., d/b/a GlobaLease Solutions, and respectfully states:

### Introduction and Summary of Complaint

1. This lawsuit arises from a three-party transaction in which Plaintiff T-M Vacuum Products, Inc. ("T-M Vacuum") specially manufactured and sold commercial furnaces to a Kazakh mining company, Ulba Metallurgical Plant Joint Stock Company ("Ulba"), the purchase being financed through a lease with TAISC, Inc., d/b/a GlobaLease Solutions ("GlobaLease") in Houston. The furnaces have been delivered to and accepted by Ulba, which has timely made all payments to GlobalLease. GlobaLease nonetheless has failed to pay T-M Vacuum and, on the contrary, asserts that GlobaLease is entitled to recover enormous penalties from T-M Vacuum because the furnaces allegedly were delivered late to Ulba. GlobaLease's allegations are nothing but a pretext to avoid payment to the manufacturer while still collecting the full price plus interest from its lease customer. T-M Vacuum files this lawsuit to recover what it is owed for manufacturing and delivering the

1

furnaces for which GlobaLease is receiving lease payments.

## The Parties

2. Plaintiff, T-M Vacuum Products, Inc., is a New Jersey corporation with its principal place of business in Cinnaminson, New Jersey.

3. Defendant, TAISC, Inc., d/b/a GlobaLease Solutions, is a Texas corporation with its principal place of business in Houston, Texas. Said Defendant may be served with process on its President, John B. Berry, at his residence, 3714 Chevy Chase Dr., Houston, Texas 77019.

## Jurisdiction and Venue

4. The Plaintiff is a citizen of New Jersey and the Defendant is a citizen of Texas, and the amount in controversy is in excess of $75,000.00 exclusive of interest and costs. This Court accordingly has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

5. The claims asserted in this Complaint arise out of transactions and occurrences within the Southern District of Texas. In addition, the Defendant is subject to personal jurisdiction in this District. Venue is therefore proper in this District pursuant to 28 U.S.C. §1391(a)(2) and (3).

## The Facts

6. T-M Vacuum is a commercial manufacturing company. T-M Vacuum designs and manufactures products including vacuum furnaces, vacuum ovens and environmental chambers, which are used in heavy industries including mining.

7. T-M Vacuum entered into an agreement to specially manufacture and sell certain vacuum furnaces to Ulba for a purchase price of US$3,160,017.00. The agreement is contained in that certain Purchase Contract No. 31-09-05/1176 dated October 28, 2005, together with Supplementary Agreement Nos. 1, 2 and 3 (the "Purchase Contract"). A true copy of the Purchase

Contract is attached hereto as Exhibit A and incorporated herein by reference.

8. In order to finance the purchase, Ulba agreed to lease the furnaces from GlobaLease, which in turn would pay the purchase price to T-M Vacuum. This arrangement was documented in two related agreements. Ulba leased the furnaces from GlobaLease pursuant to that certain Cross Border Equipment Lease Agreement No. 05-465402 ("Lease Agreement"), dated October 25, 2005, a true copy of which is attached hereto as Exhibit B and incorporated herein by reference. GlobaLease and T-M Vaccum also signed that certain Consent and Agreement, dated as of October 29, 2005, a true copy of which is attached hereto as Exhibit C and incorporated herein by reference.

9. T-M was unable to manufacture and deliver the furnaces by the due dates stated in the Purchase Agreement. This was principally due to a subcontractor's delay in delivering certain parts, which in turn was due to a shortage of a necessary raw material, tungsten. Delays were also caused by GlobaLease's failure to make initial payments to T-M within the time required.

10. T-M reached accommodations with Ulba with respect to the delivery dates, and the furnaces were all completed and delivered. Ulba has successfully tested and accepted the furnaces. Ulba has confirmed in writing, to both T-M and GlobaLease, that T-M has met its obligations and is not in default under the Purchase Contract. Ulba has made every payment due to GlobaLease under the Lease Agreement.

11. While collecting all payments from Ulba, GlobaLease has failed and refused to pay T-M Vacuum. The following T-M Vacuum invoices remain due and owing:

| Invoice No. | Date | Amount |
|---|---|---|
| 51019 | December 20, 2006 | $77,679.88 |
| 51298 | June 18, 2007 | 77,679.88 |
| 51290 | June 18, 2007 | 233,039.63 |
| 51477 | October 22, 2007 | 233,039.61 |
| TOTAL |  | $621,439.00 |

True copies of these invoices are attached hereto as Exhibit D and incorporated herein by reference. All invoices were due when issued. The total amount due and owing by GlobaLease, for the furnaces manufactured, delivered and accepted under the Purchase Contract, is $621,439.00.

12. GlobaLease has failed and refused to pay these invoiced charges. On the contrary, GlobaLease asserts that it is entitled to recover millions of dollars from T-M Vacuum for "reimbursement of Conditional Payments" under paragraph 9 of the Consent and Agreement. That provision defines as "Conditional Payments" all the sums paid to T-M prior to the delivery, installation and acceptance of the furnaces by Ulba. The provision then states that "in the event of [T-M's] default under the terms of the Purchase Agreement or hereunder," T-M shall repay to GlobaLease all of the Conditional Payments plus interest.

13. GlobaLease asserts that T-M is in "default" because the furnaces were delivered late and, on that basis, GlobaLease has demanded repayment of all Conditional Payments. A true copy of GlobalLease's most recent "Statement of Account," demanding repayment of $2,956,884.39, is attached hereto as Exhibit E. While making this demand, GlobaLease has not returned or attempted to return the furnaces purchased from T-M Vacuum, nor has it returned or attempted to return the sums already paid by Ulba for the furnaces.

4

**Grounds for Recovery**

14. GlobaLease breached the Purchase Contract by failing to pay the Purchase Price when due. T-M Vacuum is entitled to recover the outstanding balance, $621,439.00, together with statutory interest.

15. T-M Vacuum made timely written demand for payment of this balance. T-M Vacuum has found it necessary, however, to retain counsel to recover the balance. Pursuant to TEX.CIV.PRAC.&REM.CODE §38.001 et seq., T-M Vacuum accordingly is entitled to recover its reasonable attorney's fees.

16. For several reasons, GlobaLease is not entitled to any setoff for recovery of Conditional Payments. To begin with, T-M Vacuum did not default under the Purchase Contract. Although deliveries were delayed, the delays were due to forces beyond the control of T-M Vacuum and were thus excused pursuant to the force majeure provision, paragraph 11 of the Purchase Agreement.

17. Furthermore, Ulba extended the due dates and has accepted the furnaces. Indeed, Ulba has confirmed in writing that T-M Vacuum met its obligations and is not in default under the Purchase Agreement.

18. GlobaLease has likewise waived any right it might have had, under the Consent and Agreement, to demand a refund of the Conditional Payments. GlobaLease has not returned or attempted to return the furnaces but instead has allowed Ulba to retain them and has received all payments made by Ulba under the Lease Agreement – conduct that is surely inconsistent with a refund of the purchase price thus far paid to T-M Vacuum.

19. Paragraph 9 of the Consent and Agreement should not be interpreted to support the

draconian result demanded by GlobaLease. If GlobaLease's construction were correct, Ulba, would retain the furnaces and pay the full lease payments to GlobaLease, which in turn would retain the full lease payments but not pay T-M Vacuum for manufacturing the furnaces – all because of a delay in delivery that was accepted by Ulba. The "default" in Paragraph 9 is more reasonably construed to mean a failure to manufacture and deliver the furnaces at all – which of course is not what occurred in this case.

20. If paragraph 9 is nevertheless construed in the manner advocated by GlobaLease, then it is an unenforceable penalty. A refund of the full purchase price would not be a reasonable measure of damages caused by late delivery to the lessee, especially when the late delivery is itself acceptable to the lessee and results in no loss of rentals or other damages for the lessor, GlobaLease. A draconian measure of damages such as this is unenforceable and void as a penalty under Texas law.

WHEREFORE, Plaintiff T-M Vacuum Products, Inc. prays that Defendant TAISC, Inc., d/b/a GlobaLease Solutions, be served with citation and be required to appear herein, and that upon final hearing or trial, Plaintiff have judgment of and against Defendant for the balance owed under the Purchase Contract, together with reasonable attorney's fees, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ H. Miles Cohn
H. Miles Cohn
Texas Bar No. 04509600
Sheiness, Scott, Grossman & Cohn, LLP
1001 McKinney Street, Suite 1400
Houston, Texas 77002-6420
Telephone: (713) 374-7020
Facsimile: (713) 374-7049
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

OF COUNSEL:

Michelle V. Friery
Texas Bar No. 24040934
Sheiness, Scott, Grossman & Cohn, LLP
1001 McKinney St., Suite 1400
Houston, Texas 77002-6420
Telephone: (713) 374-7020
Facsimile: (713) 374-7049
**ATTORNEYS FOR PLAINTIFF**