**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **T-M VACUUM PRODUCTS, INC.** | ✠ | |
| | ✠ | |
| | ✠ | |
| **Plaintiff** | ✠ | |
| | ✠ | |
| | ✠ | |
| | ✠ | **CIVIL ACTION NO.07-4108** |
| **V** | ✠ | |
| | ✠ | **JURY** |
| | ✠ | |
| | ✠ | |
| **TAISC, INC. d/b/a GLOBAL** | ✠ | |
| **LEASE SOLUTIONS** | ✠ | |

**Defendant**

<u>**ORIGINAL ANSWER**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes **TAISC, INC. d/b/a GLOBAL LEASE SOLUTIONS,** Defendant herein and hereinafter referred to as "Defendant" or "Counter plaintiff", and  files this Original Answer to Plaintiff's Complaint on file, and would respectfully show the Court the following:

I.

<u>**AFFIRMATIVE DEFENSES**</u>

Even if  Plaintiff proves the allegations in its claim,  Defendant is not liable to  Plaintiff because:

(A)     of estoppel including acknowledging certain facts in writing.

(B)     of fraud by Plaintiff

( C )     of the statute of frauds.

1

(D)     Plaintiff's claims are barred by the statute of limitations.

(E)     of waiver.

(F)     Plaintiff's claims are barred by the doctrine of collateral estoppel.

(G)     of offset.

(H)     of legal justification or excuse.  {*See Sterner v. Marathon Oil Co., 767 S.W.2d 686,*

*689-90 (Tex.1989)*}

(I)     Plaintiff ratified  Defendant's conduct.  {*See Williams v. City of Midland, 932*

*S.W.2d 679, 685 (Tex.App.-El Paso 1996, no writ)*}

(J)     The parole evidence rule

(K)     Payment by Defendant

(L)     Breach of contract by Plaintiff

(M)     Defendant asserts the terms of the Consent and Assignment executed by the parties

        hereto.

## II.

## CONDITIONS PRECEDENT

The plaintiff has not met the conditions precedent for filing its claim.

## III.

## RESPONSE TO COMPLAINT AND SPECIFIC

## DENIALS BY PARAGRAPH NUMBERS.

a)     Defendant admits the statements contained in the first sentence of paragraph 1 of

       Plaintiff's Complaint.  Defendant denies certain allegations in the Complaint set forth in

2

paragraph I and specifically the insinuation and allegation  that Plaintiff timely completed its delivery of the furnaces under the contract, which Defendant specifically denies. Further Defendant denies the allegations of a "pretext to avoid payment to the manufacturer".  Defendant's Answer and Counter Claim show that Defendant did not and does not owe Plaintiff any net amount.  Defendant admits it did execute a document styled Consent and Agreement dated October 29, 2005, and admits Plaintiff owes Defendant sums of money for Plaintiff's failure to timely deliver the Units to Ulba..

b)      Defendant admits the  allegations in the Complaint set forth in paragraph 2.

c)       Defendant admits the  allegations in the Complaint set forth in paragraph 3.

d)      Defendant admits the  allegations in the Complaint set forth in paragraph 4.

e)       Defendant admits the  allegations in the Complaint set forth in paragraph 5.

f)      Defendant admits the  allegations in the Complaint set forth in paragraph 6.

g )      Defendant admits the first sentence of Paragraph 7 and certain further allegations in the Complaint set forth in paragraph 7, but specifically denies that Supplementary Agreement No. 3 is a part of or supplements any contract  or a part of an agreement by Defendant, as Defendant has never approved or accepted such Supplement No. 3.. Subject to a more through review of the attached documents for exactness and accuracy, the documents appear to be the documents they purport to be.

h )  Defendant admits the  allegations in the Complaint set forth in paragraph 8, however, subject to a more through review of the attached documents for exactness and accuracy, the documents appear to be the documents they purport to be.

I)      Defendant admits Plaintiff failed to timely deliver the units to Ulba and would show that

3

such default under the contract was a breach of the contract by Plaintiff.  Further, Defendant denies the allegations and denials  in the Complaint set forth in paragraph 9 and specifically, states that it has no knowledge of the cause of Plaintiff's untimely performance and its breach of the contract regarding timely delivery, and states that the initial payments to T-M Vacuum Products by Defendant were made pursuant to the terms of the contracts and did not constitute a failure to do that which Defendant was contractually bound to do. For example, while Plaintiff's corporate charter was revoked, Defendant was not required to pay Plaintiff.

j)      Defendant denies the allegations and denials  in the Complaint set forth in paragraph 10 and specifically, states that it never agreed to any "accommodations of Plaintiff with Ulba with respect to delivery dates that vary from the original contracts"; and  upon information and belief it is understood that the two furnaces were not shipped until on or about December 22, 2006 and the June 15, 2007, respectfully, and were not successfully tested and accepted by Ulba until on or about April 21, 2007 and October 22, 2007, respectfully, but denies that anything any entity has done has excused T-M Vacuum Products of its prior defaults and breaches of the contract documents.  Defendant does not allege that Ulba is or has been in default under the contracts. Nothing alleged by Plaintiff excuses Plaintiff's breach of the contracts.

k)      Defendant admits Ulba is not in default under its lease with Defendant.  Defendant denies certain allegations and denials  in the Complaint set forth in paragraph 11 and specifically, states that Global Lease has not failed or refused to perform any obligation that it owes Plaintiff following Plaintiff's breach of the contracts. Specifically,

4

Defendant has not failed and refused to pay Plaintiff any sum because Defendant did not owe Plaintiff any such sums. Under the contract terms, no sums are due to Plaintiff in excess of the sums due to Defendant by the Plaintiff.   Defendant denies that the invoices listed by Plaintiff are due or owing to Plaintiff by Defendant. Defendant specifically states that Defendant does not owe Plaintiff any amount of money or invoice and certainly not the $621,439.00 alleged.  Defendant states that Plaintiff owes Defendant monies far in excess of the amount claimed by Plaintiff as more fully set out in Defendant's counter claim.  Plaintiff's failure to pay or offset the amounts it owes Defendant, constitutes a further breach of its contracts by Plaintiff.

l)       Defendant denies the  allegations and denials  in the Complaint set forth in paragraph 12 and specifically, states that Defendant does not owe Plaintiff any of the invoiced charges, and denies the insinuation that Defendant has failed and refused to pay any sums which it owes under the contract terms.  Under the contract terms, no sums are due to Plaintiff in excess of the sums due to Defendant by the Plaintiff. Defendant admits that it is claiming and is owed substantial sums by Plaintiff as set out in its counter claim herein. Defendant admits the quoted terms of the contract seem to be quoted correctly by Plaintiff and does reflect Defendant's  position on its counter claim.  Plaintiff is admitting it owes Defendant substantial sums under the contract terms, which admission is accepted by Defendant.

m)       Defendant admits the  allegations in the Complaint set forth in paragraph 13, but denies it is under an obligation under the contracts to return the furnaces to Plaintiff or return the lease sums and payments it has received from Ulba, to Ulba..

5

n)      Defendant denies the allegations and denials  in the Complaint set forth in paragraph 14. Under the contract terms, no sums are due to Plaintiff in excess of the sums due to Defendant by the Plaintiff.  Defendant specifically denies Plaintiff is entitled to recover the sums stated nor any interest thereon.  Defendant specifically denies Defendant breached the Purchase Contract and denies any sums are due to Plaintiff.

o)      Defendant denies the allegations and denials  in the Complaint set forth in paragraph 15, including denying that Plaintiff has had to retain counsel or that it is  entitled to recover its attorneys fees from Defendant.

p)      Defendant states that it is entitled to set off as set out in its counter claim.  Defendant denies Plaintiff made timely demand for any amount that was due. Defendant further denies the allegations and denials  in the Complaint set forth in paragraph 16 and specifically, states (a) Plaintiff did default under the contracts, (b) the delays by Plaintiff were not excused or reasonable, ( c ) Plaintiff has never before raise the defense of force majeure provisions of paragraph 11 of the Purchase Contract, or otherwise,  including raising it  within the 5 day time period required by paragraph 11.2 of the contract by proper mail notice, or otherwise. Plaintiff's breach of contract triggered amount due to Defendant which remain unpaid by Plaintiff. Under the contract terms, no sums are due to Plaintiff in excess of the sums due to Defendant by the Plaintiff.

q)      Defendant denies the allegations and denials  in the Complaint set forth in paragraph 17 and specifically, states that Ulba cannot extend the due dates without Defendant's prior consent, and any attempt to so do fails and is not binding on Defendant (see Consent and Agreement paragraph 2); that the breaches by Plaintiff, which Plaintiff is admitting, are

not and never have been excused by Defendant under the contracts.  Plaintiff did not meet its obligations and is still in default under the purchase agreement.  Defendant must contractually agree to any changes in the contracts (see Consent and Agreement paragraph 2), which it has not done.  Specifically, Defendant has never consented to proposed Supplementary Agreement No. 3 and specifically rejected same.

r)  Defendant denies the allegations and denials  in the Complaint set forth in paragraph 18 and specifically, states Defendant has not waived any rights to demand a refund of the Conditional Payments to Defendant. Defendant has performed under the lease, as required. Defendant denies its conduct is inconsistent with a refund of the Conditional Payments as provided in the contracts.  Defendant denies it has an obligation to return the Furnace Units to Plaintiff, if it could indeed do so; and would show that Defendant is contractually entitled to the lease payments from Ulba and under no contractual obligation to return same to Ulba.

s)  Defendant denies the allegations and denials  in the Complaint set forth in paragraph 19 , however  specifically, states that the Paragraph 9 of the Contract is not ambiguous and *is*  subject to the clear meaning that Plaintiff insinuates is wrong.  Plaintiff's interpretation in the last sentence is not pursuant to the contract terms.  Defendant would show the acceptance of delivery by Ulba does not and did not contractually relieve Plaintiff of the consequences of its breach of contract.  Plaintiff has not denied it owes Defendant the amounts due to Defendant under the contracts.

t)  Defendant denies the allegations and denials  in the Complaint set forth in paragraph 20 and specifically, states that under  the contract terms  (a) the sums due to Defendant are

not an unenforceable penalty , (b) the Plaintiff sets forth a statement in its second

sentence which is not supported by the written contracts, nor by law, and is not true; ( c)

the last sentence is a jury argument and not a true statement of law or facts, and ( d )

Defendant specifically states that the contracts are enforceable in accordance with their

terms.

IV.

**ATTORNEY'S FEES**

 Defendant seeks attorney's fees and costs from  Plaintiff as  Plaintiff brought a frivolous

claim against  Defendant; that Defendant is entitled to its fees as this suit is based on a written

contract which provided that Plaintiff shall indemnify Defendant and pay it's attorneys fees and

costs including any appeal, and additionally under F.R.C.P. No. 11.

WHEREFORE, PREMISES CONSIDERED,  Defendant prays that upon final trial and

hearing hereof  Plaintiff take nothing by reason of this suit, and that  Defendant have such other

and further relief, general and special, legal and equitable, including its costs and attorney's fees

to which  Defendant is justly entitled and will ever pray.

BOUSQUET & DEVINE, P.C.                    Respectfully submitted,

of counsel

By_____/s/ Thomas G. Bousquet_____
    THOMAS G. BOUSQUET
 9225 Katy Freeway # 103
 Houston, Texas 77024
 State Bar Card No. 02717000

8

Houston Federal No. 3285
713-827-0096
713-827-0096 (fax)
ATTORNEY FOR Defendant,


Defendant REQUESTS A TRIAL BY JURY




**<u>CERTIFICATE OF SERVICE</u>**

A true and correct copy of the foregoing instrument was forwarded to all counsel of record by certified mail, return receipt requested on this the ___2nd_ day of __January____, 2008, and the original was promptly filed with the Clerk of the above Court, together with this proof of service.


___/s/ Thomas G. Bousquet
THOMAS G. BOUSQUET

9

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **T-M VACUUM PRODUCTS, INC.** | ✪ | |
| | ✪ | |
| | ✪ | |
| **Plaintiff** | ✪ | |
| | ✪ | |
| | ✪ | |
| | ✪ | **CIVIL ACTION NO.07-4108** |
| **V** | ✪ | |
| | ✪ | **JURY** |
| | ✪ | |
| | ✪ | |
| **TAISC, INC. d/b/a GLOBAL** | ✪ | |
| **LEASE SOLUTIONS** | ✪ | |
| | | |
| **Defendant** | | |

## COUNTERCLAIM BY DEFENDANT

Now come Defendant ,**TAISC, INC. d/b/a GLOBAL LEASE SOLUTIONS,** hereinafter sometimes  referred to as "Counter Plaintiff", and file this its Counterclaim complaining of  **T-M VACUUM PRODUCTS, INC**. ,Plaintiff herein,  hereinafter sometimes referred to as "Counter Defendant" and would respectfully show the Court the following:

I.

Service

Counter Defendant is also Plaintiff herein, and as such has become Counter Defendant herein, and as such is being served with notice of the filing of this Counterclaim by service upon

10

its attorney, pursuant to F.R.C.P.

## II.

The contracts were signed in October of 2005.  The first  Furnace Unit was to be shipped: within 32 weeks of the signing of the Purchase Agreement (i.e due June 7, 2006) and the second Furnace unit was due to be shipped within 36 weeks of the signing of the Purchase Agreement ( i.e. due on July 5, 2006 ).During late spring of 2006, Plaintiff announced a delay, but promised August\Sept 2006 delivery.  In November of 2006, Ulba notified Defendant/Counter Plaintiff of default in delivery, and notified Defendant/Counter Plaintiff  notified Plaintiff/Counter Defendant by CM-RRR of unacceptable default and demanded that it be cured.   When the default was not timely cured, notified Defendant/Counter Plaintiff  made demand for return of the Conditional Payments previously paid to Plaintiff by Defendant pursuant to the Contract.  Plaintiff/Counter Defendant  never complied with such demand and did not ship the first  Furnace Units to Ulba until on or about December 22, 2006, and did not ship the second Unit until on or about June 15, 2007. Defendant/Counter Plaintiff  never agreed to a late shipment or delivery of the Furnace Units to Ulba, and never waived its right to return of the Conditional Payments under the Contract.  Plaintiff to Defendant/Counter Plaintiff 's knowledge has never signed or delivered a Bill of Sale for the Furnace Units to Defendant or anyone else.

## III.

Counter Plaintiff and Counter Defendant executed a contract entitled "Consent and Agreement" on October 29, 2005 which provided in paragraph 7 that Counter Defendant agreed to indemnify and hold Counter Plaintiff harmless against any liabilities, claims, expenses and attorneys fees under such contract.  Counter Plaintiff seeks recovery and full indemnity under such provisions.

IV.

The Consent and Agreement in paragraph 9 provides:

"This Agreement further contemplates that Lessor will be delivering payments to Vendor prior to and advance of vendor's manufacture, shipment, export, delivery, installation, and/or acceptance of the Units by Leassee.  The parties hereto acknowlege and agree that any such payments made by Lessor to Vendor prior to delivery and final acceptance of the Units by Lessee shall be construed and deemed to be Conditional Payments from Lessor.  In the event of Vendor default under the terms of the Purchase Agreement or hereunder, it is expressly agreed and understood that Vendor shall immediately repay upon demand all previously received Conditional Payments to Lessor if such default continues uncured for a period of more than fifteen days.  Such repayment shall be with interest calculated at one per cent per month from the date such Conditional Payment was delivered to Vendor as if such Conditional Payments were originally a loan to Vendor"

Counter Plaintiff seeks the return of the Conditional Payments of $2,563,435.88, as provided,  plus interest thereon and other amounts contractually due to Counter Plaintiff from Counter Defendant which amount is in excess of $620,000.00.  Defendant/Counter Plaintiff is entitled to offset against any sums due to Counter Defendant.

V.

**ATTORNEY'S FEES**

Defendant/Counter Plaintiff  seeks attorney's fees and costs from  Plaintiff as  Plaintiff brought a frivolous claim against Defendant/Counter Plaintiff , that Defendant/Counter Plaintiff is entitled to its fees as this suit is based on a written contract which guarantees to Defendant/Counter

Plaintiff full indemnity including attorneys fees as set out above, and additionally is entitled to its fees under F.R.C.P. No. 11.

WHEREFORE, PREMISES CONSIDERED, Defendant/Counter Plaintiff prays that upon final trial and hearing hereof Plaintiff take nothing by reason of this suit, and that Defendant/Counter Plaintiff have such other and further relief, including its debt, its damages, both general and special, legal and equitable, including its costs and attorney's fees to which Defendant/Counter Plaintiff is justly entitled and will ever pray.

BOUSQUET & DEVINE, P.C.                    Respectfully submitted,

of counsel

                                           By____/s/   Thomas   G.   Bousquet_____
                                              THOMAS G. BOUSQUET
                                          9225 Katy Freeway # 103
                                          Houston, Texas 77024
                                          State Bar Card No. 02717000
                                          Houston Federal No. 3285
                                          713-827-0096
                                          713-827-0096 (fax)
                                          ATTORNEY FOR DEFENDANT,
                                          COUNTER PLAINTIFF

**COUNTER PLAINTIFF REQUESTS A TRIAL BY JURY**

13

**<u>CERTIFICATE OF SERVICE</u>**

A true and correct copy of the foregoing instrument was forwarded to all counsel of record by certified mail, return receipt requested on this the ___2nd_ day of __January____, 2008, and the original was promptly filed with the Clerk of the above Court, together with this proof of service.


___/s/ Thomas G. Bousquet
THOMAS G. BOUSQUET