EXHIBIT "C"
AFFIDAVIT OF JOHN BERRY

STATE OF TEXAS
COUNTY OF HARRIS

Before me, the undersigned authority, on this day personally appeared JOHN BERRY, known to me to be the person whose name is subscribed to this instrument, and having been by me duly sworn, upon his oath deposes and states as follows:

1.  My name is JOHN BERRY. I am over the age of 21 years, am an adult resident of Houston, Harris County, Texas, and am fully competent and able to testify herein. I am the president of TAISC, INC.. I have never been convicted of a felony or a crime involving moral turpitude. I am competent and capable of making this affidavit. I have personal knowledge of the facts set forth herein and such facts are true and correct.

2.  Plaintiff's corporate charter was revoked for a time by the State of New Jersey in 2005 and 2006 (See Exhibits 4 which are attached and are true copies of the Defendant's business records). Defendant did not make

15

payments to Plaintiff while Plaintiff's Charter was not in good standing. (Consent and Agreement paragraph 5)

3. The Purchase Contract called for Plaintiff to ship the first Furnace Unit by June 7, 2006. It was shipped 6 months late without a valid excuse. The second Furnace Unit was due to be shipped July 5, 2006, and it was not shipped until June 5, 2007 and not received and approved by Ulba until October 5, 2007.

4. I notified T-M of its default under the Contract on about November 8, 2006, and T-M never replied nor did it return the Conditional Payments (due back in November 2006) plus interest as per the contracts (12% per annum which interest of $484,555.64 through October 5, 2007). T-M has never offered to pay the attorney's fees I have incurred following T-M's default. These fees are now $35,000.00 at this point. Nothing was ever paid by or tendered to my company by Plaintiff, and no offsets or credits to which I am entitled under the contracts have been given to me.

5. I hired Bousquet and Devine, P.C. Attorneys to protect my rights and am entitled to have T-M pay my attorneys fees under the terms of paragraph 7 of the Consent

and Agreement. The fees are presently $35,000.00 and are reasonable and necessary to properly protect my company's position.

6. In the first paragraph of page 5 of Plaintiff's Motion for Summary Judgment, Plaintiff admits that " A more reasonable construction would limit "default" to the situation in which T-M Vacuum wholly fails to deliver the furnaces to Ulba." This is the exact situation that I had to live with from June 2006 until October 2007 due to T-M's failure to live up to the contractual terms. Under paragraph 13.2 of the Purchase contract, Ulba was entitled to cancel the Contract without penalty at any time during such period. They did not do so possibly because their executives were subject to jail by the government of the Republic of Kazakhstan (see true copies of the attached letters marked Exhibit 3, received by me and maintained as part of my formal business records) if both of the Furnaces were not received by Ulba.

7. Plaintiff owes interest at 12% on the Conditional Payments from the date advanced until October 5, 2007.

8. The fifteen day demand in writing I gave to

17

Plaintiff on November 8, 2006, as shown by the attached exhibit 1 which is a true and correct copy of the letter I sent Plaintiff. After receiving such letter, Plaintiff was contractually bound to immediately return the Conditional Payments plus interest to me.

9. I never did and never would have consented to the Supplementary Agreement No. 3 dated May 22, 2007.

10. Plaintiff would have received back the Conditional Payments from me shortly after October 5, 2007, but I was entitled to retain the interest earned thereon. Plaintiff now owes me such interest and the attorney's fees I have incurred herein.

11. Attached hereto as Exhibit No. 1 is a true copy of my letter I sent to Plaintiff on November 8, 2006, with attached proof of service.

12. Attached hereto as Exhibit No. 2 is a true copy of the exhibit that was attached to Exhibit 1 that I sent to T-M.

13. Attached hereto as Exhibit No. 3 is a true copy of letter of default from Ulba to Plaintiff dated November 7, 2006, which I received and is a copy of the exhibit that I

18

attached to Exhibit 1 and sent to T-M.

14. Attached hereto as Exhibit No. 4 is a true copy of the New Jersey Corporation official web site which I got from the Internet, showing the forfeiture of Plaintiff's Charter from October 4, 2005 until February 23, 2006.

15. Attached hereto are Exhibit No 5 is a true copy of the letter I sent to T-M on April 28, 2006,

16. Plaintiff's Exhibit F (GlobaLease invoice) to its motion for summary judgment is dated August 15, 2007, which was signed 60 days before Ulba successfully tested the second Furnace Unit. It was mailed 15 months after the Plaintiff breached its contractual ship date of July 5, 2006. The Exhibit is dated 9 months after T-M failed to pay GlobaLease the Conditional Payments plus interest under paragraph 9 of the Consent and Agreement. This Exhibit was accurate when mailed.

Further affiant saith not.

_____
JOHN BERRY

19

Subscribed and sworn to before me by the said JOHN BERRY on this ___1st___ day of __February__, 2008.

_____
Notary Public in and for
the State of Texas

20