IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| T-M VACUUM PRODUCTS, INC., | § | |
| | § | |
| PLAINTIFF | § | CASE NO. 07-4108 |
| | § | |
| VS. | § | |
| | § | |
| TAISC, INC., d/b/a GLOBALEASE SOLUTIONS, | § | |
| | § | |
| DEFENDANT | § | |

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL SUMMARY JUDGMENT

Plaintiff T-M Vacuum Products, Inc. ("T-M Vacuum") moves for entry of final summary judgment against Defendant TAISC, Inc., d/b/a GlobaLease Solutions ("GlobaLease"), pursuant to FED.R.CIV.P. 56 and the Court's order granting summary judgment, and respectfully states:

1.  The Court has granted summary judgment for T-M Vacuum and against GlobaLease, awarding contract damages in the amount of $621,439.00 and denying GlobaLease's counterclaim. *See* Memorandum and Order, signed May 15, 2008 (docket no. 33). The only issue remaining is T-M's claim for attorney's fees.

2.  This motion is supported by the Declaration of Fred T. Stuffer, attached to Plaintiff's Motion for Summary Judgment, and the Declaration of H. Miles Cohn, which is attached hereto as Exhibit A and incorporated herein by reference. Before filing this lawsuit, T-M Vacuum made several written demands for payment of its invoices. GlobaLease failed to pay, making it necessary to retain counsel to bring this lawsuit. Stuffer Declaration at ¶9. T-M Vacuum accordingly is entitled to recover its reasonable attorney's fees pursuant to TEX.CIV.PRAC.&REM.CODE §38.001

*et seq*.

      3.      Through and including this motion for final summary judgment, T-M Vacuum will have incurred reasonable attorney's fees in the amount of at least $23,000.00. Cohn Declaration at ¶7. Furthermore, reasonable fees for the defense of an appeal, should one be filed, would be at least $20,000.00. Cohn Declaration at ¶8. It should be noted that these legal fees compare favorably to the fees that GlobaLease claims to have incurred in this lawsuit – more than $35,000 as of February 1, 2008, when it responded to the Motion for Summary Judgment. See Affidavit of John Berry at ¶4 (attached as Exhibit C to Defendant's Memorandum in Response to Plaintiff's Motion for Summary Judgment).

      4.      T-M Vacuum is also entitled to recover pre-judgment interest. Since the Purchase Contract does not provide an interest rate for past-due installments of the purchase price, the applicable rate is six percent (6%) per annum, commencing thirty days after each installment was due. *See* Tex.Fin.Code §302.002. As the installments were due on different dates, interest is calculated on each one separately until they are all due. Interest is calculated as follows from January 20, 2006, when the first installment was due, to December 31, 2007, by which time all installments had become due:

| Invoice No.[1] | Invoice Date | Invoice Amount | Interest Begins[2] | Interest to 12/31/2007 |
|---|---|---|---|---|
| 51019 | 12/20/2006 | $77,679.88 | 1/19/2007 | $4,431.19 |
| 51298 | 6/18/2007 | 77,679.88 | 7/18/2007 | 2,132.59 |
| 51290 | 6/18/2007 | 233,039.63 | 7/18/2007 | 6,397.77 |
| 51477 | 10/22/2007 | 233,039.63 | 11/21/2007 | 1,570.71 |
| TOTAL | | $621,439.00 | | $14,532.26 |

5.     From December 31, 2007, to the date of judgment, interest accrues at six percent (6%) per annum on the full balance, $621,439.00.  As of June 1, 2008, that amount would be $15,731.11, hence total interest as of June 1, 2008, is $30,263.36.  Prejudgment interest continues to accrue after June 1, 2008, at a per diem rate of $102.15.

WHEREFORE, Plaintiff T-M Vacuum Products, Inc. prays that the Court enter final summary judgment, pursuant to FED.R.CIV.P. 56, that Plaintiff recover contract damages of $621,439.00, together with reasonable attorney's fees of $23,000.00 through entry of judgment and a conditional award of $20,000.00 in the event of an appeal, prejudgment interest of $30,263.36 plus $102.15 per day from June 1, 2008, to date of judgment, and post-judgment interest, on all sums awarded, at the statutory rate.

---

[1] The invoice numbers, dates and amounts are supported by the Stuffer Affidavit at ¶9. The Suffer Affidavit is attached as Exhibit A to Plaintiff's Motion for Summary Judgment and is incorporated herein by reference.

[2] Each invoice was due when issued.  See Stuffer Declaration at Exhibit E (invoices). Interest accrues beginning thirty days later pursuant to Tex.Fin.Code §302.002.

Respectfully submitted,

/s/ H. Miles Cohn
H. Miles Cohn
Texas Bar No. 04509600
1001 McKinney Street, Suite 1400
Houston, Texas  77002-6420
Telephone: (713) 374-7020
Facsimile: (713) 374-7049
**ATTORNEY-IN-CHARGE FOR T-M VACUUM PRODUCTS, INC., PLAINTIFF/COUNTER-DEFENDANT**

OF COUNSEL:

Michelle V. Friery
Texas Bar No. 24040934
Sheiness, Scott, Grossman & Cohn, LLP
1001 McKinney St., Suite 1400
Houston, Texas 77002-6420
Telephone: (713) 374-7020
Facsimile: (713) 374-7049
**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT**

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Plaintiff's Motion for Entry of Final Summary Judgment has been forwarded, via facsimile, on this the 21st day of May, 2008, to Defendant's attorney of record:

Thomas G. Bousquet
9225 Katy Freeway, #103
Houston, Texas 77024
Facsimile (713) 827-0096

/s/ H. Miles Cohn
H. Miles Cohn