IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| T-M VACUUM PRODUCTS, INC., | § | |
| | § | |
| | § | |
| PLAINTIFF | § | CASE NO. 07-4108 |
| | § | |
| VS. | § | |
| | § | |
| TAISC, INC., d/b/a GLOBALEASE | § | |
| SOLUTIONS, | § | |
| | § | |
| DEFENDANT | § | |

PLAINTIFF'S RESPONSE TO DEFENDANT
COUNTER PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION OF COURT'S ORDER

Plaintiff T-M Vacuum Products, Inc. ("T-M Vacuum") responds to Defendant Counter

Plaintiff's Memorandum in Support of Motion for Reconsideration of Court's Order ("Defendant's

Motion for Reconsideration") and respectfully states:

**Introduction and Summary of Response**

1.      In a Memorandum and Order dated May 15, 2008 (docket no. 33), the Court granted

Plaintiff's Motion for Summary Judgment (docket no. 8), leaving only the amounts of Plaintiff T-M

Vacuum's attorney's fees and prejudgment interest to be determined before entry of final judgment.

T-M Vacuum has since filed Plaintiff's Motion for Entry of Final Summary Judgment (docket no.

34), providing evidence regarding its attorney's fees and a calculation of pre-judgment interest.

2.      In response, Defendant TAISC, Inc., d/b/a GlobaLease Solutions ("GlobaLease") has

filed the Motion for Reconsideration.   GlobaLease does not dispute T-M Vacuum's attorney's fees

or the calculation of prejudgment interest, but instead asks the Court to reconsider its summary

judgment.   The Motion for Reconsideration raises an arbitration demand for the first time and submits new summary judgment evidence.   Neither has merit.   The Motion for Reconsideration should be denied and the Court should instead grant Plaintiff's Motion for Entry of Final Summary Judgment.

**GlobaLease's demand for arbitration must be rejected**.

3.      GlobaLease first points to the arbitration provision in the Purchase Contract.  That provision is quite narrow, requiring arbitration only with respect to a "dispute between the parties regarding the proper fulfillment of obligations under the contract."   Purchase Contract at ¶9.5. GlobaLease asserts that T-M Vacuum failed to deliver the equipment to Ulba within the time required, but as the Court has noted, any disputes regarding the equipment "are issues solely between Lessee [Ulba] and Supplier [T-M Vacuum] . . . ."  Memorandum and Opinion at 12, citing Lease Agreement at 6.   This case involves no dispute with Ulba, but only a dispute between T-M Vacuum and GlobaLease.  The relationship between those parties is governed by the Consent and Agreement, which has no arbitration provision and instead provides:

> "Exclusive venue for any action or enforcement shall be in a court of competent jurisdiction sitting in Houston, Harris County, Texas."

Consent and Agreement at ¶10.

4.      More importantly, the Motion for Reconsideration is the first pleading of any kind in which GlobaLease has demanded (or even mentioned) arbitration.  Instead of invoking the arbitration provision, GlobaLease sought to litigate the merits of the dispute in this Court – GlobaLease filed a counterclaim (docket  no. 5), filed a motion for sanctions (docket no. 18), and filed responses in opposition to T-M Vacuum's motion for summary judgment – all without

mentioning the arbitration provision it now cites.

5.     A  party that invokes the judicial process waives whatever right it may have had to arbitrate.  *E.g., Republic Insurance Co. v. PAICO Receivables, Inc.*, 383 F.3d 341, 344-45 (5th Cir. 2004).  To be sure, delay in demanding arbitration while the lawsuit proceeds does not always result in waiver of the right to arbitrate – arbitration is waived when the other party is prejudiced by such delay.  *Id.* at 346-47.  But in this case, GlobaLease's delay in invoking arbitration clearly prejudices T-M Vacuum, which has incurred substantial attorney's fees and spent months litigating in this forum.  Perhaps most importantly, GlobaLease did not seek to invoke arbitration *until after a decision had been made on the merits*.    The undesigned has found no reported case, from any jurisdiction, in which a dispute has been referred to arbitration on a demand that a party made after losing in court.  Requiring the other party to abritrate after prevailing in court would be the ultimate "prejudice."

**GlobaLease raises no issue requiring reconsideration.**

6.     In the Motion for Reconsideration, GlobaLease submits a new affidavit of its president, Mr. Berry, with various attachments regarding delivery of the furnaces sold to Ulba.  T-M Vacuum disputes those allegations regarding delivery delays under the Purchase Contract, but further evidence on the point would be immaterial and could not possibly affect the outcome of this lawsuit. The Court properly ruled that any alleged delays or defaults are irrelevant because neither Ulba nor GlobaLease elected to terminate the Purchase Contract and instead the furnaces were delivered and accepted.  Memorandum and Opinion at 12-15.   In sum, the Motion for Reconsideration ignores both the Plaintiff's summary judgment grounds and the Court's construction of the contract, adding nothing more than a repeat of arguments that have already been rejected.

3

WHEREFORE, Plaintiff T-M Vacuum Products, Inc. prays that the Motion for Reconsideration be denied and that Final Judgment be entered pursuant to Plaintiff's Motion for Entry of Final Summary Judgment.

Respectfully submitted,

By:     /s/ H. Miles Cohn

        H. Miles Cohn
        Texas State Bar 04509600
        1001 McKinney, Suite 1400
        Houston, Texas 77002-6420
        (713) 374-7020 (Phone)
        (713) 374-7049 (Fax)
        **ATTORNEY-IN-CHARGE FOR T-M VACUUM PRODUCTS, INC., PLAINTIFF/ COUNTER-DEFENDANT**

OF COUNSEL:

Sheiness, Scott, Grossman & Cohn, L.L.P.
1001 McKinney, Suite 1400
Houston, Texas 77002-6420
(713) 374-7015 (Phone)
(713) 374-7049 (Fax)
**ATTORNEYS FOR T-M VACUUM PRODUCTS, INC., PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing, Plaintiff's Response to Defendant Counter Plaintiff's Memorandum in Support of Motion for Reconsideration of Court's Order was forwarded, by facsimile, this the 3rd day of June, 2008, to Defendant's counsel:

Thomas G. Bousquet
9225 Katy Freeway, #103
Houston, Texas 77024
Facsimile (713) 827-0096

        /s/ H. Miles Cohn
         H. Miles Cohn

4