**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| T-M VACUUM PRODUCTS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-4108 |
| | § | |
| TAISC, INC., d/b/a GLOBALEASE SOLUTIONS, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

This lawsuit arises from a three-party transaction to finance the sale and lease of two commercial furnaces. The furnaces were manufactured by T-M Vacuum Products, Inc., a New Jersey corporation; financed by TAISC, Inc., d/b/a GlobaLease Solutions, a Texas corporation; and leased to Ulba Mettalurgical Plant Joint Stock Company, a company located in Kazakhstan. When Ulba makes all the lease payments, it will own the furnaces.

GlobaLease paid T-M part of the purchase price as "conditional payments" before T-M delivered the furnaces to Ulba in Kazakhstan. T-M was unable to deliver the furnaces by the original delivery deadlines. T-M and Ulba later agreed, in writing, to extend the delivery dates. T-M delivered the furnaces within the extended deadlines. Ulba made the lease payments to GlobaLease as required on the original schedule. Although GlobaLease received all of its payments from Ulba, GlobaLease did not pay T-M the balance of the

purchase price. GlobaLease withheld the balance due on the ground that the furnaces were not delivered within the original deadlines.

T-M sued GlobaLease for the unpaid balance. GlobaLease counterclaimed, alleging that because T-M was late in delivering the furnaces, not only is no money owed, but the parties' contract requires T-M to refund the "conditional payments" GlobaLease made before delivery, because of the delay.

On May 15, 2008, this court granted T-M's motion for summary judgment, finding that based on the undisputed evidence, T-M is entitled to recover the balance of the purchase price for the two furnaces as well as prejudgment interest and reasonable attorneys' fees, and that GlobaLease is not entitled to an offset for the conditional payments on the ground that they should have been returned because of the late delivery despite Ulba's continued timely lease payments to GlobaLease. This court also denied T-M's application for a writ of garnishment on the existing record based on lack of personal jurisdiction over the garnishees.

On May 21, 2008, T-M filed a motion for entry of final judgment for contract damages of $621,439, reasonable attorneys' fees of $23,000 under TEX. CIV. PRAC. & REM. CODE § 38.001, *et seq.*, prejudgment interest of $30,263.36 plus $102.15 per day from June 1, 2008 to judgment, and postjudgment interest at the statutory rate. (Docket Entry No. 34). On May 27, 2008, GlobaLease filed a motion for reconsideration, asking this court to set aside its memorandum and order granting T-M's summary judgment motion "and proceed to the trial setting, or alternatively, set aside the May 15, 2008 opinion and send the case to

arbitration under the provisions of the Purchase Contract paragraph 10." (Docket Entry No. 35 at 13).  T-M responded.  (Docket Entry No.36).

Based on the pleadings, the motions and response, the parties' submissions, and the applicable law, this court denies GlobaLease's motion for reconsideration and grants T-M's motion for entry of final judgment.  The reasons for these rulings are set out in detail below.

## I. The Legal Standard for a Motion for Reconsideration

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Sierra Club v. Tri-State Generation and Transmission Ass'n.,* 173 F.R.D. 275, 287 (D. Col. 1997); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.,* 123 F.3d 336, 339 (5th Cir. 1997).  A court retains the power to revise any interlocutory order before the entry of judgment adjudicating all the parties' claims, rights, and liabilities.  FED. R. CIV. P. 54(b).  A motion seeking reconsideration of a judgment or order is generally considered a motion to alter or amend a judgment under Rule 59(e) if it seeks to change the order or judgment issued. *Standard Quimica De Venezuela v. Cent. Hispano Int'l, Inc.,* 189 F.R.D. 202, 204 (D.P.R. 1999).  Rule 59(e)'s legal standards are applied to motions for reconsideration of interlocutory orders. *See Atlantic States Legal Foundation v. Karg Bros.,* 841 F. Supp. 51, 55 (N.D.N.Y. 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment).  Although the general rule is that motions for reconsideration will not be considered when filed more than ten days after the judgment at issue is entered, this deadline does not apply to the reconsideration of interlocutory orders. *Standard Quimica De Venezuela,* 189 F.R.D. at 205.  A court may

consider a motion to reconsider an interlocutory order so long as the motion is not filed unreasonably late.  *Standard Quimica De Venezuela,* 189 F.R.D. at 205; *Martinez v. Bohls Equipment Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, *1 (W.D. Tex. July 18, 2005).  Like a motion under Rule 59(e), a motion to reconsider may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised before the entry of the judgment or order.  11 CHARLES A. WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 127–28 (2d ed.1995) (footnotes omitted).

**II.  Analysis**

    **A.  Arbitration**

GlobaLease argues that "[t]he Purchase Contract paragraph 10 provides that Plaintiff had to use arbitration to settle a dispute."  (Docket Entry No. 35 at 12).  Paragraph 10 of the Purchase Contract for the furnaces, dated October 28, 2005, between T-M and Ulba, required that "disputes between the parties regarding the proper fulfillment of obligations under the contract" be referred to an arbitrator.  (Docket Entry No. 1, Ex. A at 6–7).  GlobaLease assumed Ulba's rights and payment obligations under the Purchase Contract, subject to certain conditions, under the Consent and Agreement signed October 29, 2005.  (Docket Entry No. 1, Ex. C).

    GlobaLease has waived any right it possessed to invoke the arbitration clause contained in the Purchase Contract.  "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other

party." *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004) (quoting *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999)). "To invoke the judicial process '[t]he party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration.'" *Id.* (quoting *Subway*, 169 F.3d at 329). "[A] party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate." *Id.* (quoting *Subway*, 169 F.3d at 328). In the context of the waiver inquiry, prejudice "refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Id.* at 346 (quoting *Subway*, 169 F.3d at 327).

GlobaLease failed to invoke the arbitration provision until after it had engaged in substantial litigation activities and this court had issued a decision on the merits. T-M filed this suit on December 5, 2007. GlobaLease filed a counterclaim seeking the return of the conditional payments with interest, responded to T-M's motion for summary judgment and application for a writ of garnishment, and filed a motion for sanctions against T-M, all without invoking the arbitration clause in the Purchase Contract. GlobaLease did not seek arbitration until May 27, 2008, after T-M had obtained a grant of summary judgment.

GlobaLease substantially invoked the judicial process. *See Republic Ins.*, 383 F.3d at 344 (finding that party invoked the judicial process before asserting right to arbitrate by answering counterclaims, conducting full-fledged discovery, amending its complaint, and filing pretrial materials and numerous other motions); *Price v. Drexel Burnham Lambert,*

5

*Inc.*, 791 F.2d 1156, 1159–1162 (5th Cir. 1986) (holding that the party moving for arbitration had waived that right because it had "initiated extensive discovery, answered twice, filed motions to dismiss and for summary judgment, filed and obtained two extensions of pre-trial deadlines, all without demanding arbitration"). GlobaLease invoked the judicial process to the detriment of T-M. Because of GlobaLease's failure to invoke the arbitration agreement earlier in this suit, both parties fully litigated their claims on the merits and this court ruled in favor of T-M on its breach of contract claim. *See Republic Ins.*, 383 F.3d at 347; *Price*, 791 F.2d at 1159–1162. GlobaLease has waived any arbitration right, and cannot obtain reconsideration on the basis that arbitration should have been ordered or T-M denied relief because it failed to arbitrate.

### B. The Contract Language

GlobaLease argues that this court erred in finding that its performance was not excused and that it was not entitled to an offset as a result of T-M's delay in delivery and failure to return the previously paid conditional payments. GlobaLease argues that it specifically contracted for the right to have the conditional payments returned with interest if T-M failed to deliver the furnaces by the dates set out in the Purchase Contract. GlobaLease now concedes that T-M is entitled to payment for the furnaces that were delivered to Ulba, but argues that it was damaged by T-M's failure to pay interest on the conditional payments that T-M should have returned to GlobaLease. (Docket Entry No. 35 at 4–7).

As explained in this court's May 13, 2008 memorandum and order, T-M's delay did not excuse GlobaLease's performance because GlobaLease did not treat T-M as being in default. GlobaLease did not exercise its right to cancel the contracts if the furnaces were not delivered on time. GlobaLease treated the contracts as continuing by accepting the lease payments from Ulba after the alleged default. *See World Access Telecomms. Group, Inc. v. Statewide Calling, Inc.*, No. 03-05-00173-CV, 2006 WL 2986227, at *7 (Tex. App.–Austin 2006, no pet.) (citing *Hanks v. GAB Bus. Servs., Inc.*, 644 S.W.2d 707, 708 (Tex. 1982); *Gupta v. E. Idaho Tumor Inst., Inc.*, 140 S.W.3d 747, 756 (Tex. App.–Houston [14th Dist.] 2004, pet. denied)) ("If the non-breaching party elects to treat the contract as continuing and insists the party in default continue its performance, the previous breach constitutes no excuse for nonperformance on the part of the party not in default, and the contract continues in force for the benefit of both parties."). GlobaLease breached by failing to make full payment to T-M.

GlobaLease is not entitled to an offset as a result of T-M's delay in delivery or T-M's failure to return the previously paid conditional payments. "[C]ontract damages are ordinarily calculated based on protection of the disappointed promisee's expectation interest and are designed to secure for that party the benefit of the bargain that he or she made by awarding a sum of money that will place the promisee in as good a position as he or she would have occupied had the contract been performed." 24 WILLISTON ON CONTRACTS § 64:2 (4th ed. 1990). As explained in this court's May 13, 2008 Memorandum and Order, GlobaLease obtained the full, contracted for benefits from the original contracts because

Ulba paid GlobaLease according to the original timetable, even after Ulba agreed that T-M's delivery dates would be extended.  If GlobaLease recovered the interest on the conditional payments in addition to receiving the timely lease payments from Ulba, it would receive more than the benefit of its bargain.  GlobaLease sustained no damage from T-M's failure to return the conditional payments with interest between November 2006, when payment was demanded, and December 2006, when T-M delivered the first furnace on a date that was agreed to as timely by Ulba and T-M.  GlobaLease had no liability to Ulba from any delay in the delivery of the furnaces because the Lease Agreement expressly insulated GlobaLease from any harm due to the late delivery of the furnaces.  The "Terms of Payment for Equipment" section of the Lease Agreement between the parties stated that "[s]hould [T-M] fail to meet any obligations to [Ulba] under this Agreement or any other agreement, [Ulba] shall not have the right to make any claims against [GlobaLease]." (Docket Entry No. 1, Ex. B at 4).  The "Other provisions" section stated that "[Ulba] and [T-M] Agree and affirm that any and all issues relating to the Equipment, Equipment condition, and/or Equipment delivery are issues solely between [Ulba] and [T-M] and any such issues shall have no effect on [Ulba]'s payment obligations to [GlobaLease] nor allow [Ulba] to delay, suspend, or reduce any payments due from [Ulba] to [GlobaLease]." (*Id.*, Ex. B at 6).  And GlobaLease was not damaged by either the initial delay in delivery or T-M's failure to return the conditional payments because Ulba paid GlobaLease on the original payment schedule. **III.**

    **Conclusion**

GlobaLease's motion for reconsideration is denied, and T-M's motion for entry of final judgment is granted. T-M may move for fees within 14 days after judgment is entered, submitting appropriate support for the amounts sought.

SIGNED on July 16, 2008, at Houston, Texas.

 Lee H. Rosenthal
 United States District Judge