**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| T-M VACUUM PRODUCTS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-4108 |
| | § | |
| TAISC, INC., d/b/a GLOBALEASE | § | |
| SOLUTIONS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This lawsuit arises from a three-party transaction to finance the sale and lease of two commercial furnaces. The furnaces were manufactured by T-M Vacuum Products, Inc., a New Jersey corporation; financed by TAISC, Inc., d/b/a GlobaLease Solutions, a Texas corporation; and leased to Ulba Mettalurgical Plant Joint Stock Company, a company located in Kazakhstan. Under the transaction terms, when Ulba makes all the lease payments, it owns the furnaces.

GlobaLease paid T-M part of the purchase price as "conditional payments" before T-M delivered the furnaces to Ulba in Kazakhstan. T-M failed to deliver the furnaces by the original delivery deadlines. T-M and Ulba later agreed, in writing, to extend the delivery dates. T-M delivered the furnaces within those extended deadlines. Ulba made the lease payments to GlobaLease as required by the original schedule. Although GlobaLease received all of its payments from Ulba, GlobaLease did not pay T-M the balance of the

purchase price. GlobaLease withheld the balance due on the ground that the furnaces were not delivered within the original deadlines.

T-M sued GlobaLease for the unpaid balance. GlobaLease counterclaimed, alleging that because T-M was late in delivering the furnaces, not only was no money owed, but the parties' contract required T-M to refund the "conditional payments" GlobaLease made before delivery, because of the delay.

On May 15, 2008, this court granted T-M's motion for summary judgment, finding that based on the undisputed evidence, T-M was entitled to recover the balance of the purchase price for the two furnaces as well as prejudgment interest and reasonable attorneys' fees, and that GlobaLease was not entitled to any offset for the conditional payments on the ground that they should have been returned because of the late delivery despite Ulba's continued timely lease payments to GlobaLease. This court also denied T-M's application for a writ of garnishment on the existing record based on lack of personal jurisdiction over the garnishees. (Docket Entry No. 33). On July 16, 2008, this court denied GlobaLease's motion for reconsideration and entered final judgment in favor of T-M. (Docket Entry Nos. 37, 38).

On July 22, 2008, T-M filed a motion for attorneys' fees. (Docket Entry No. 39). On July 24, 2008, GlobaLease filed a motion for new trial under Rule 59 of the Federal Rules of Civil Procedure. (Docket Entry No. 40). T-M responded, (Docket Entry No. 41), and GlobaLease replied, (Docket Entry No. 42).

2

Based on the pleadings, the motions, response, and reply, the parties' submissions, and the applicable law, this court denies GlobaLease's motion for new trial and grants T-M's motion for attorneys' fees in the amount of $24,561.81.  The reasons for these rulings are set out in detail below.

## I.      GlobaLease's Motion for New Trial

Rule 59 of the Federal Rules of Civil Procedure provides that "[t]he court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  FED. R. CIV. P. 59.  "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."  *Beckham v. La. Dock Co., L.L.C.*, 124 Fed. Appx. 268, 270 (5th Cir. 2005) (citing *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612 (5th Cir. 1985)).  A motion for a new trial should be granted only when "the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence."  *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838–39 (5th Cir. 2004).

A motion for a new trial following a summary judgment is treated as a motion to reconsider entry of summary judgment under Federal Rule of Civil Procedure 59(e).  *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 748, n.9 (5th Cir. 2006) (citing *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996); *see also Harcon Barge Co. v.*

3

*D & G Boat Rentals, Inc.*, 784 F.2d 665, 669–70 (5th Cir. 1986) ("'[A]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label.'") (quoting 9 MOORE'S FEDERAL PRACTICE ¶ 204.12[1], at 4-67 (1985)).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc*., 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Relief is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Res. Group Inc*., 342 F.3d 563, 567 (5th Cir. 2003). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

GlobaLease argues that this court erred in finding that its performance was not excused and that it was not entitled to an offset as a result of T-M's delay in delivery and failure to return the previously paid conditional payments. GlobaLease argues that it

specifically contracted for the right to have the conditional payments returned with interest if T-M failed to deliver the furnaces by the dates set out in the Purchase Contract. GlobaLease now concedes that T-M is entitled to payment for the furnaces that were delivered to Ulba, but argues that it is entitled to an offset for T-M's failure to pay interest on the conditional payments that T-M should have returned to GlobaLease.  (Docket Entry No. 40).  These arguments were raised and responded to in both the summary judgment and reconsideration briefs and analyzed in both this court's May 13, 2008 memorandum and order and this court's July 16, 2008 memorandum and opinion.  (Docket Entry Nos. 8, 10, 33, 35, 36, 37).  The motion for new trial on these grounds is neither new nor persuasive.

GlobaLease also argues that it did not obtain the full, contracted-for benefits from the original contracts, even though Ulba paid GlobaLease on the original payment schedule and GlobaLease had no liability to Ulba for delay in the delivery of the furnaces.  GlobaLease argues that "the failure of a timely delivery of the furnaces exposed the officials of Ulba to three year prison terms."  (Docket Entry No. 40 at 15).  In a letter sent to T-M on November 7, 2006, Ulba's purchasing director stated that "[n]on-delivery of the equipment by 31.12.2006 may lead to the criminal responsibility for our management. . . . Should equipment not be delivered by the time period as specified or foreign currency funds not be returned from abroad from TAISC DBA GlobaLease Solutions, Inc. within the same period, the manager of our enterprise would be punished as arrested for the three year period." (Docket Entry No. 40, Ex. B).  GlobaLease argues that "[i]f T-M VACUUM had not breached its contracts and had returned the Conditional Payments to GLOBALEASE,

5

GLOBALEASE would have been financially able to send the $1,270,000 to Ulba and Ulba's manager (president) would not have been faced with three years in jail." (Docket Entry No. 40 at 2).

GlobaLease's argument that an Ulba official may have been exposed to criminal penalties by the fact that T-M failed to deliver the furnaces on the original schedule, and that because T-M did not return the conditional payments to GlobaLease it could not send money to Ulba to ease its situation, does not change the result. GlobaLease did not return any money to Ulba. Instead, GlobaLease kept all the money it received from Ulba. There is no evidence of any claim by Ulba of damages from the delay in delivery, or that its manager incurred any criminal penalties. There is evidence that Ulba and T-M agreed on new delivery dates and that Ulba accepted the furnaces and has paid GlobaLease. As explained in both this court's May 15, 2008 memorandum and order and this court's July 16, 2008 memorandum and opinion, GlobaLease obtained the full, contracted-for benefits from the original contracts because Ulba paid GlobaLease according to the original timetable, even after Ulba agreed that T-M's delivery dates would be extended. GlobaLease had no liability to Ulba from any delay in the delivery of the furnaces because the Lease Agreement expressly insulated GlobaLease from any harm due to the late delivery of the furnaces.

GlobaLease's motion for new trial is denied.

## II.     T-M's Motion for Attorneys' Fees

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir.

6

2002).  A plaintiff is entitled to recover reasonable attorneys' fees for a suit for breach of

contract under Texas Civil Practice and Remedies Code § 38.001(8).[1]  A plaintiff seeking

attorneys' fees under section 38.001 has the burden of proof of demonstrating the

reasonableness of the fees.  *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex.

1991); *In re Smith*, 966 F.2d 973, 978 (5th Cir. 1992) (citing *Caldwell & Hurst v. Myers*, 714

S.W.2d 63, 65 (Tex. App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.).

    Both the Fifth Circuit and the Texas courts use the lodestar method for calculating

reasonable attorneys' fees.  *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th

Cir. 1995); *Toshiba Mach. Co., Am. v. SPM Flow Control, Inc.*, 180 S.W.3d 761, 782 (Tex.

App.-Fort Worth 2005, pet. granted, judgm't vacated w.r.m.); *World Help v. Leisure

Lifestyles, Inc.*, 977 S.W.2d 662, 684 (Tex.App.-Fort Worth, 1998, pet. denied); *see also

Guilty v. C.C.I. Enters., Co.*, 54 S.W.3d 526, 528 (Tex. App.-Houston [1st Dist.] 2001, no

pet.) ("In determining the reasonableness of attorney's fees, the fact finder must be guided

by a specific standard. This standard is substantially similar under both federal law and state

law.").  One step of this analysis is to determine the reasonable hourly rate for the attorneys

and nonlegal personnel who worked on the case.  *Id.*  The reasonable hourly rate is "based

on the prevailing market rates in the relevant community."  *Blum v. Stenson*, 465 U.S. 886,

895 (1984).  A court must also determine the number of hours "reasonably expended" by the

attorneys.  *Kellstrom*, 50 F.3d at 324.  The court then multiplies the hours "reasonably

---

[1] Section 38.001 provides:  "A person may recover reasonable attorney's fees from an individual or
corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . (8) an oral or written
contract."

expended" by the reasonable hourly rate to determine the lodestar figure. *Id.* The burden of demonstrating the reasonableness of the number of hours expended and the hourly rates charged falls on the fee applicant.[2] *Id.*

T-M has provided the necessary support to establish the reasonableness of the fees sought under the lodestar approach. T-M has submitted an affidavit from its attorney, H. Miles Cohn, and billing records for this case, showing that it has incurred $24,561.81 in fees in this case. (Docket Entry No. 39, Ex. A). GlobaLease raised no issue as to the reasonableness or necessity of time spent or the reasonableness of the rates charged.

T-M is entitled to fees in the amount of $24,561.81.

## III.   Conclusion

GlobaLease's motion for new trial is denied. T-M's motion for attorneys' fees in the amount of $24,561.81 is granted.

SIGNED on August 28, 2008, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[2]   The court may increase or decrease the lodestar amount based on the factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). The twelve *Johnson* factors are:  (1) the time and labor involved, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to this case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of counsel, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.  Texas courts weigh similar factors set out in Rule 104 of the Rules of Professional Conduct to determine the reasonableness of fees. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).