IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| T-M VACUUM PRODUCTS, INC., | § | |
| | § | |
| | § | |
| PLAINTIFF | § | CASE NO. 07-4108 |
| | § | |
| VS. | § | |
| | § | |
| TAISC, INC., d/b/a GLOBALEASE | § | |
| SOLUTIONS, | § | |
| | § | |
| DEFENDANT | § | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Plaintiff T-M Vacuum Products, Inc. ("T-M Vacuum") responds to Defendant's Motion for

Protective Order (the"Motion for Protection"),[1] filed by Defendant TAISC, Inc., d/b/a GobaLease

Solutions ("GlobaLease"), and respectfully states:

Procedural Background and Summary of Response

Final Judgment was rendered against GlobaLease on July 16, 2008,  for damages totaling

more than $650,000 (docket no. 38).   GlobaLease has filed an appeal but has not superceded the

judgment, hence T-M Vacuum has noticed the post-judgment deposition of GlobaLease through its

President, Mr. Berry, and has asked for documents regarding GlobaLease's financial condition and

assets.

Plaintiff's Notice of Intention to Take Oral Deposition in Aid of Judgment, including Request

for Production of Documents, is attached hereto as Exhibit A.  This notice was served on August 4

---

[1] The motion is titled "Defendant's Memorandum in Support of Motion for Protective
Order," but is docketed as "Opposed Motion for Protective Order" (docket no. 50).

and set the deposition for September 10, 2008.  GlobaLease did not object to the document requests but instead asked that the deposition be postponed, which it was, and the parties ultimately agreed to schedule the deposition for Wednesday, October 29, 2008.   It was not until Thursday, October 23, ten weeks after service of the document requests and less than a week before the agreed-upon deposition date, that GlobaLease filed its Motion for Protection.

GlobaLease objects to production of tax returns, financial statements, and corporate records. Citing no authority, GlobaLease asserts that such documents are "privileged" and "confidential" and that the documents "don't mention or refer to Plaintiff or the Plaintiff's suit."   GlobaLease also asserts that it should be protected from production of documents dating before 2006.

GlobaLease is clearly not entitled to protection because this is a *post-judgment* deposition, the legitimate scope of which is more than broad enough to cover the requested documents.  The Motion for Protection should thus be denied; GlobaLease should be ordered to produce the requested documents pursuant to Fed.R.Civ.P. 26(c)(2); and attorney's fees should be assessed pursuant to Fed.R.Civ.P. 26(c)(3) and 37(a)(5).

<u>The Scope of Post-Judgment Discovery</u>.

A plaintiff is entitled to post-judgment discovery pursuant to Fed.R.Civ.P. 69(a)(2).  The scope of such discovery, whether governed by state or federal procedure, is extremely broad.[2]   As one would expect, a plaintiff holding a judgment is entitled to all discovery that might reasonably lead to information relevant to collection of the judgment, including information that may not have been discoverable before judgment was rendered. *See FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir.

---

[2] Per Rule 69(a)(2), post-judgment discovery may proceed either "as provided in these rules or by the procedure of the state in where the court is located."

1995); *British International Insurance Company, Ltd. v. Seguros La Republica, S.A.*, 200 F.R.D.

586, 588-90 (W.D.Tex. 2000).

### Tax Returns

In discovery conducted prior to entry of judgment, both state and federal courts accord a

measure of confidentiality to tax returns, but they are not protected by an absolute privilege.  At

most, the protection afforded to tax returns may be termed a "qualified privilege."  In practice, this

means that a party seeking discovery of tax returns must demonstrate relevance and need for the

documents.  *See, e.g., Sneller v. City of Bainbridge Island*, 2008 WL 4534364 (W.D. Wash. 2008);

*Gattegno v. Pricewaterhousecoopers, LLP*, 205 F.R.D. 70, 72-74 (D. Conn. 2001).

But while tax returns may be entitled to some protection before judgment, there is no reason

to protect those documents after a judgment is rendered.  Indeed, tax returns are perhaps the *best*

evidence of a judgment debtor's revenue and income – a false return risks serious criminal penalties

that would not attach to, say, a judgment debtor's answers to post-judgment interrogatories.    In

*LeGrand*, the Fifth Circuit noted that "relevance of the tax returns to a judgment creditor is virtually

presumed."  43 F.3d at 172.   Indeed, *LeGrand* affirmed a contempt judgment (including a 72-hour

imprisonment) against a judgment debtor who refused to produce his tax returns.  Not surprisingly,

there does not appear to be *any* decision, from *any* jurisdiction, in which a judgment debtor has been

protected from producing tax returns.

### Financial Statements and Corporate Records.

There is no privilege, qualified or otherwise, for a judgment debtor's financial statements and

corporate records.  With the possible exception of tax returns, it would be difficult to imagine

documents more relevant to the judgment debtor's assets, liabilities, revenue and income – in other

3

words, the very issues in dispute in post-judgment discovery.

Documents Dating Before 2006

Documents dating before 2006 are relevant not only because they may shed light on GlobaLease's current condition, but also because such documents may disclose fraudulent transfers. The statute of limitations on fraudulent transfer claims is four years. *See* Tex.Bus.&Com.Code §24.010. T-M Global has only requested documents dating to January 2004, which is within the limitations period.

As GlobaLease notes, T-M Vacuum has nonetheless agreed to reduce the date range of certain of its requests. A letter confirming that agreement is attached hereto as Exhibit B. But while T-M Vacuum has agreed to narrow certain requests, it has *not* agreed to narrow its requests with regard to tax returns and financial statements (request nos. 7, 8, and 9). Furthermore, T-M Vacuum has reserved the right to renew its requests for pre-2006 documents in those categories in which it has narrowed the date range, should other documents or testimony disclose a potential fraudulent transfer or other reasons to request such documents.

GlobaLease Should Be Ordered to Produce the Requested Documents

Fed.R.Civ.P. 26(c)(2) provides that if a motion for protective order is denied, in whole or in part, "the court may, on just terms, order that any party or person provide or permit discovery." Since a separate motion to compel is not required, T-M Vacuum requests that the Court include, in an order denying the Motion for Protection, an order requiring production of the documents in question.

Attorney's Fees Should be Assessed Against GlobaLease.

Pursuant to Fed.R.Civ.P. 26(c)(3) and 37(a)(5), attorney's fees may be assessed against a

party that files an unsuccessful motion for protection, against its attorney, or both.   In fact, such an award "must" be made unless the court finds that the party seeking protection asserted a position that "was substantially justified" or that "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A).

GlobaLease's position is hardly justified.   The Motion for Protection cites no authority, nor does GlobaLease address the authority that was cited in the undersigned counsel's letter (Exhibit B). Tax returns, financial statements and corporate records are all clearly within the scope of post-judgment discovery.  That GlobaLease's objections are not made in good faith is further evidenced by their timing:  they were not asserted until briefly before a post-judgment deposition and more than two months after requests were made.

T-M Vacuum therefore requests that the Court award attorney's fees of ONE THOUSAND AND FIVE HUNDRED DOLLARS ($1,500.00) in connection with the Motion for Protection.  The amount of the requested fees is supported by the Declaration of H. Miles Cohn, which is attached hereto as Exhibit C.

WHEREFORE, Plaintiff T-M Vacuum Products, Inc. prays that Defendant's Motion for Protective Oder be denied; that the Court order production of the requested documents; and that the Court assess attorney's fees.

Respectfully submitted,


By: _____/s/ H. Miles Cohn_____

H. Miles Cohn
Texas State Bar 04509600
Sheiness, Scott, Grossman & Cohn, LLP
1001 McKinney, Suite 1400
Houston, Texas 77002-6420
(713) 374-7020 (Phone)
(713) 374-7049 (Fax)
ATTORNEYS FOR T-M VACUUM PRODUCTS,
INC., PLAINTIFF AND COUNTER-DEFENDANT


CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Plaintiff's Response to Defendant's Motion for Sanctions was forwarded, by electronic service through ECF, this the 27th day of October, 2008, to Defendant's counsel:

Thomas G. Bousquet
9225 Katy Freeway, #103
Houston, Texas 77024
Facsimile (713) 827-0096


____/s/ H. Miles Cohn_____
H. Miles Cohn

6