IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| T-M VACUUM PRODUCTS, INC., | § § § | |
| PLAINTIFF | § § | CASE NO. 07-4108 |
| VS. | § § | |
| TAISC, INC., d/b/a GLOBALEASE SOLUTIONS, | § § § § | |
| DEFENDANT | § | |

PLAINTIFF'S MOTION TO COMPEL POST-JUDGMENT DISCOVERY

Plaintiff T-M Vacuum Products, Inc. ("T-M Vacuum") moves to compel post-judgment discovery from Defendant TAISC, Inc., d/b/a GobaLease Solutions ("GlobaLease"), and respectfully states:

Introduction and Summary of Response

Final Judgment was rendered against GlobaLease on July 16, 2008, for damages totaling more than $650,000 (docket no. 38).  GlobaLease has filed an appeal but has not superceded the judgment, hence T-M Vacuum has noticed the post-judgment deposition of GlobaLease through its President, Mr. Berry, and has asked for documents regarding GlobaLease's financial condition and assets.

T-M Vacuum attempted to commence post-judgment discovery on August 4, 2008, roughly three months ago.  GlobaLease and Mr. Berry, its owner and president, have yet to produce a single document and Mr. Berry failed to appear for deposition on the date to which his counsel had agreed. An order compelling post-judgment discovery and awarding sanctions is therefore appropriate under

Fed.R.Civ.P. 37.

## The Post-Judgment Discovery Requests

Plaintiff's Notice of Intention to Take Oral Deposition in Aid of Judgment, including Request for Production of Documents, is attached hereto as Exhibit A. This notice was served on August 4 and set the deposition of John B. Berry, President of GlobaLease, for September 10, 2008. GlobaLease and Mr. Berry did not object to the document requests but instead asked that the deposition be postponed.

After several letters and emails asking counsel for GlobaLease and Mr. Berry for available deposition dates, the parties ultimately agreed to schedule Mr. Berry's deposition for Wednesday, October 29, 2008. This agreement was confirmed in an exchange of emails on October 21, 2008, which is attached hereto as Exhibit B. Plaintiff's Amended Notice of Intention to Take Oral Deposition in Aid of Judgment, including Request for Production of Documents, is attached hereto as Exhibit C.

On October 23, 2008, more than ten weeks after service of the document request and less than a week before the agreed-upon deposition date, GlobaLease filed Defendant's Motion for Protective Order, objecting to production of tax returns, financial statements and corporate records (docket no. 50). T-M Vacuum promptly responded, filing Plaintiff's Response to Defendant's Motion to Compel on October 27, 2008 (docket no. 51). T-M Vacuum's counsel also advised GlobaLease's counsel that he intended to go forward with the agreed deposition on October 29 with or without the documents. The undersigned counsel's letter of October 27 is attached hereto as Exhibit D.

On the afternoon of October 28, the day before the agreed deposition, GlobaLease's counsel

advised the undersigned, by email, that Mr. Berry was not available for deposition because Mr. Berry "is in Bulgaria on an airplane sale by the Bulgarian government." Document production was not mentioned in the email, and no documents have yet been produced.

Almost four months have now passed since entry of Final Judgment, and three months have passed since T-M Vacuum first served post-judgment discovery requests. GlobaLease and Mr. Berry have yet to produce a single requested document, nor has Mr. Berry appeared for deposition – even after agreeing to the deposition date.

## Grounds for Requested Relief

A plaintiff is entitled to post-judgment discovery pursuant to Fed.R.Civ.P. 69(a)(2). When a party fails or refuses to comply with proper discovery requests, including attendance at deposition and production of documents, the court may order such compliance pursuant to Fed.R.Civ.P. 37(a)(3)(B).

It would be difficult to imagine a more clear case for such an order than is presented in this case, where the discovery respondent has produced no documents and has failed to appear for deposition after repeated delays and even after agreeing to a deposition date. Moreover, the circumstances suggest that Mr. Berry never intended to appear. On October 21, after conferring with Mr. Berry, GlobaLease's counsel agreed to schedule the deposition for October 29. Roughly a week later, on October 28, Mr. Berry was "working on "an airplane sale" in Bulgaria – not the sort of place one can visit on the spur of the moment.

When a motion to compel is granted, the court "must, after giving an opportunity to be heard," assess attorney's fees for filing the motion on the respondent, its attorney, or both, unless the court finds (i) that the movant did not first attempt to obtain discovery without court action, (ii) that

3

the respondent's failure "was substantially justified," or (iii) that "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A). None of the exceptions to an award of fees applies in this case. As detailed above, every reasonable effort was made to obtain the requested discovery before filing this motion, and no justification for GlobaLease's failure has been offered.

T-M Vacuum requests that the Court award attorney's fees of ONE THOUSAND, ONE HUNDRED AND NO/100 DOLLARS ($1,100.00) in connection with this Motion to Compel. T-M Vacuum requests that this award be assessed against GlobaLease and its President, Mr. Berry, but not against its counsel, Mr. Bosquet.[1] The amount of the requested fees is supported by the Declaration of H. Miles Cohn, which is attached hereto as Exhibit E.[2]

## Certificate of Conference

The undersigned counsel has spoken with GlobaLease's counsel, Mr. Bousquet, regarding the issues raised in this Motion to Compel. Mr. Bousquet did offer to set another deposition date, but he had not been able to speak with Mr. Berry (in Bulgaria) and could not confirm that any suggested date would be honored by Mr. Berry. Furthermore, Mr. Berry presumably has not provided the requested documents to his counsel, as Mr. Bousquet has not produced those documents nor committed to a firm date by which they will be produced.

WHEREFORE, Plaintiff T-M Vacuum Products, Inc. prays that Defendant TAISC, Inc., d/b/a GobaLease Solutions, and its President, John B. Berry, be compelled to produce documents and

---

[1] T-M Vacuum requested an award against Mr. Bosquet as well as GlobaLease in its Response to Defendant's Motion for Protection because the legal positions expressed in that motion are not reasonable. However, T-M Vacuum has no reason to believe that Mr. Bosquet is responsible in any way for his client's failure to produce documents or appear for deposition.

[2] This amount is separate and in addition to the fees requested in Plaintiff's Response to Defendant's Motion for Protection.

appear for deposition, and that the Court assess attorney's fees for the cost of bringing this motion.

          Respectfully submitted,

      By:    /s/ H. Miles Cohn
          H. Miles Cohn
          Texas State Bar 04509600
          Sheiness, Scott, Grossman & Cohn, LLP
          1001 McKinney, Suite 1400
          Houston, Texas 77002-6420
          (713) 374-7020 (Phone)
          (713) 374-7049 (Fax)
ATTORNEYS FOR T-M VACUUM PRODUCTS, INC., PLAINTIFF AND COUNTER-DEFENDANT

## CERTIFICATE OF SERVICE

    I certify that a true copy of the foregoing Plaintiff's Motion to Compel Post-Judgment Discovery was forwarded, by electronic service through ECF, this the 30th day of October, 2008, to Defendant's counsel:

Thomas G. Bousquet
9225 Katy Freeway, #103
Houston, Texas 77024
Facsimile (713) 827-0096

        /s/ H. Miles Cohn
        H. Miles Cohn