IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| T-M VACUUM PRODUCTS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-4108 |
| | § | |
| TAISC, INC., d/b/a GLOBALEASE SOLUTIONS, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This dispute arises from attempts by the judgment creditor, T-M Vacuum Products, Inc., to conduct discovery into the assets of the judgment debtor, TAISC, Inc., d/b/a/ GlobaLease Solutions. The judgment entered by this court on July 16, 2008, awarded T-M damages in the amount of $621,439.00, plus prejudgment and postjudgment interest. (Docket Entry Nos. 37, 38). On August 28, 2008, this court denied GlobaLease's motion for new trial and granted T-M's motion for attorneys' fees. (Docket Entry No. 43). On September 3, 2008, GlobaLease filed a notice of appeal to the Fifth Circuit. (Docket Entry No. 44).

After the judgment was entered, T-M noticed the deposition of GlobaLease's President, John B. Berry, with a subpoena *duces tecum*. On October 23, 2008, GlobaLease moved for a protective order. (Docket Entry No. 50). T-M responded, asking this court to

order GlobaLease to produce the documents and to pay the attorneys' fees T-M incurred in opposing the motion. (Docket Entry No. 51).

On October 29, 2008, Berry failed to appear at his deposition. On October 30, 2008, T-M moved to compel Berry's deposition. T-M also moved to compel production of the documents sought in the subpoena *duces tecum*, stating that GlobaLease has failed "to produce a single requested document." T-M also sought attorneys' fees for the time spent in bringing the motion to compel. (Docket Entry No. 52). GlobaLease has not responded to the motion to compel.

Based on the motions and response, the parties' submissions, and the applicable law, this court denies GlobaLease's motion for a protective order, grants T-M's motion to compel, and instructs GlobaLease to file a statement by December 15, 2008, to show cause why this court should not award attorneys' fees to T-M in the amount of $2,600.00.

The reasons for these rulings are set out in detail below.

**I.      The Legal Standards for Postjudgment Discovery**

T-M has invoked the Federal Rules of Civil Procedure and cited case law applying federal law to postjudgment discovery. (Docket Entry No. 51 at 3-4). "A judgment creditor may choose whether to use federal or state discovery procedures. Once the judgment creditor makes a clear election to use either the federal or the state discovery methods, only that body of law (federal or state) and not the other, will apply." 13 James Wm. Moore *et al.*, MOORE'S FEDERAL PRACTICE – CIVIL § 69.04 (2008); *see also British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 594 (W.D. Tex. 2000) (stating that Texas

2

procedure rules were "irrelevant" when the plaintiff "ha[d] indicated its clear intent to pursue post-judgment discovery under the Federal Rules of Civil Procedure").

T-M has elected to use federal procedural rules for postjudgment discovery. The Federal Rules of Civil Procedure governing discovery apply. Postjudgment discovery is permitted under Federal Rule of Civil Procedure 69(a)(2), which provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Rule 69(a)(2) imposes a liberal standard:

> The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied and consequently, the judgment creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor. The discovery must be relevant to that purpose, however, and may not be used in order to harass the judgment debtor or any third parties.

13 James Wm. Moore *et al.*, MOORE'S FEDERAL PRACTICE – CIVIL § 69.04 (2008); *see also* 12 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 3014 (1997) ("The judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution. . . . The scope of examination is very broad, as it must be if the procedure is to be of any value."); *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) ("The scope of postjudgment discovery is very broad . . . .").

## A.     GlobaLease's Motion for Protective Order

### *1.     Document Requests*

In its motion for protective order, GlobaLease objects to the requests to produce its tax returns for 2004-2007, its financial statements "reflecting or reporting the net worth or income of GlobaLease" from 2004 to the present, and its corporate governance documents – including bylaws, articles of incorporation, board meeting minutes, and shareholder meeting minutes – from GlobaLease's incorporation to the present. GlobaLease asserts that the tax returns are privileged, the financial statements are confidential, and the corporate governance documents are not relevant because they "don't mention or refer to Plaintiff or the Plaintiff's suit." (Docket Entry No. 50 at 1-2). GlobaLease cites no authority for these assertions.

T-M argues that GlobaLease's tax returns cannot be withheld as privileged. In *F.D.I.C. v. LeGrand*, 43 F.3d at 172, the Fifth Circuit recognized that tax returns might be privileged under certain circumstances and set out a two-step test to determine whether a defendant must produce tax returns in postjudgment discovery. The party seeking production of the documents must show their relevance to the inquiry. If this step is satisfied, "the burden shifts to the party opposing production to show that other sources exist from which the information contained in the income tax returns may be readily obtained." *Id.* The court added that the "relevance of . . . tax returns to a judgment creditor is virtually presumed":

> A tax return necessarily contains information relating to a taxpayer's financial position, which is highly relevant to a judgment creditor. The tax return can verify the information

4

>provided by the judgment-debtor concerning his assets and income, and it can reveal a judgment-debtor's attempts to hide assets.

*Id.* In *LeGrand*, the court required production because the defendant had made no showing that information in his tax returns would be available from another source. *Id.*

T-M has shown the relevance of GlobaLease's tax returns to the extent and location of GlobaLease's assets. (Docket Entry No. 51 at 3). GlobaLease has not shown other sources where T-M might obtain information about GlobaLease's assets. Under *LeGrand*, GlobaLease must produce its tax returns. GlobaLease's motion for a protective order as to its tax returns is denied.

GlobaLease must also produce financial statements for "reflecting or reporting the net worth or income of GlobaLease." Although GlobaLease asserts that these documents are "confidential," (Docket Entry No. 50 at 2), it offers no specifics to support this assertion. Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." T-M argues, and GlobaLease has not disputed, that the financial statements are "relevant to the judgment debtor's assets, liabilities, revenue and income." (Docket Entry No. 51 at 3). Although GlobaLease may seek a confidentiality order that "specif[ies] the terms . . . for the disclosure or discovery," Fed. R. Civ. P. 26(c)(1)(B), it may not simply refuse production.

GlobaLease's motion for protective order that it need not produce the financial statements is denied.[1]

GlobaLease must also produce its corporate governance documents, including articles of incorporation, bylaws, board of directors meeting minutes and shareholder meeting minutes. GlobaLease's argument that it should not be required to produce these documents because they "don't mention or refer to Plaintiff or the Plaintiff's suit" appears to be a relevance argument. T-M responds that these documents are "relevant to the judgment debtor's assets, liabilities, revenue and income." (Docket Entry No. 51 at 3). These documents are relevant to the location and disposition of GlobaLease's assets available to satisfy the judgment. GlobaLease's motion for protective order that it need not produce the corporate governance documents is denied.

### 2. *The Time Periods of the Documents Sought*

GlobaLease also argues that production for all requests in the subpoena *duces tecum* should be limited to documents between January 1, 2006 and the present. GlobaLease argues that documents before this date are not relevant because "the first contracts [at issue in this suit] were not to be performed before 2006." (Docket Entry No. 50 at 1). T-M counters that

---

[1] T-M reads GlobaLease's motion as also asserting that the financial statements are privileged. (Docket Entry No. 51 at 3-4). GlobaLease asserts only confidentiality, not privilege, for the financial statements. (Docket Entry No. 50 at 2). If GlobaLease intended to assert privilege, its claim would fail. Federal Rule of Civil Procedure 26(b)(5) requires that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged," "the party must (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." GlobaLease has made no express claim that the financial statements are privileged and has not described the nature of the documents in a way that would enable T-M to assess the merits of any privilege claim. *See In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) (finding no privilege because the defendant failed to provide privilege log).

"[d]ocuments dating before 2006 are relevant not only because they may shed light on GlobaLease's current condition, but also because such documents may disclose fraudulent transfers."[2]

T-M has agreed to narrow the time period for certain of the documents to between January 1, 2006 to the present. These documents include bank and brokerage statements for assets held by or on behalf of GlobaLease; records of real property transfers by GlobaLease; valuations of real property held by GlobaLease; and documents relating to GlobaLease's payments of Berry's salary, dividends, reimbursements, and other expenses. T-M reserves the right to reassert its request for these documents "should other documents or testimony disclose a potential fraudulent transfer or other reasons to request such documents." (Docket Entry No. 51 at 4). Because T-M has agreed to the time limit GlobaLease requests for these documents, GlobaLease's objection to the time period for which these documents are sought is denied as moot.

The remaining requests – which include the requests for tax returns, financial statements, and corporate governance documents – include information relevant to the location and disposition of GlobaLease assets that may be used to satisfy T-M's judgment. GlobaLease's motion for protective order is denied. T-M's motion to compel is granted. GlobaLease must produce responsive documents from January 1, 2004 to the present for the categories of requests that T-M has not agreed to narrow.

---

[2] T-M points out that under Texas Business and Commercial Code § 24.010, the statute of limitations for fraudulent transfers is four years, and documents dating to January 1, 2004 would be "within the limitations period." (Docket Entry No. 51 at 4).

7

### B.     T-M's Motion to Compel

#### *1.     Document Requests*

T-M's moves to compel the production of documents responsive to the 21 requests in the subpoena *duces tecum*. (Docket Entry No. 52 at 3-4, Ex. C). T-M has narrowed some of the requests in response to GlobaLease's motion for protective order and this court has denied GlobaLease's objections. GlobaLease has not responded to T-M's motion to compel and has raised no objections other than those set out in the motion for protective order.

"[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir.1989); *see also Jones v. Tex. Youth Comm'n*, No. 9:07CV3, 2007 WL 4290000, at *1 (E.D. Tex. Dec. 3, 2007) ("If the responding party does not plan to comply [with a request for production under Rule 34], it must state the objection in a timely manner; otherwise, objections are waived."). Because the time for response passed without GlobaLease raising any objections other than those in its motion for protective order, and because GlobaLease has not responded to T-M's motion to compel, any additional objections are waived. T-M's motion to compel production is granted, subject to its own agreement to narrow the time period covered by certain document requests.

#### *2.     John B. Berry's Deposition*

T-M has also moved to compel the deposition of GlobaLease's president, John B. Berry. This deposition was first noticed for September 10, 2008. On October 21, 2008, after conferring with counsel for GlobaLease, the deposition was scheduled for October 29, 2008.

On October 28, 2008, less than one day before the scheduled deposition, T-M was told that Berry could not appear because he was working on an airplane sale in Bulgaria. (Docket Entry No. 52 at 3). GlobaLease has not responded to T-M's motion to compel the deposition. T-M's motion is granted. Berry is ordered to appear for his deposition no later than December 31, 2008.

## II.   Attorneys' Fees

T-M has moved under Federal Rules of Civil Procedure 37(a)(5)(A), (B) and 26(c)(3) to recover the attorneys' fees incurred in drafting the motion to compel and the opposition to the motion for protective order. Rule 37(a)(5)(A) provides that if a motion to compel is granted:

> [T]he court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys fees.  But the court must not order this payment if:
> (i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Rule 37(a)(5)(B) provides that if a motion to compel is denied:

> The court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

9

Rule 26(c)(3) applies the provisions of Rule 37(a)(5)(A), (B) to the grant or denial of a motion for protective orders. *See Rose v. First Colony Community Servs. Ass'n, Inc.*, 199 F.3d 440, 1999 WL 1068252, at *1 (5th Cir. Oct. 22, 1999).

When a court grants a motion to compel or denies a motion for protective order, Rule 37(a)(5)(A) and (B) and Rule 26(c)(3) "call[ ] for an award of the opposing party's expenses unless the [opposing party] was substantially justified or unless sanctions would otherwise be unfair." *Id*. But "[b]efore expenses are awarded[,] the party to be sanctioned must have an opportunity to be heard." *Id*. "[T]he court may consider awards of expenses either on written submissions or in an oral hearing." *Id*.

T-M states in a sworn declaration that it incurred $1,100 in attorneys' fees drafting the successful motion to compel, (Docket Entry No. 52, Ex. E), and $1,500 in attorneys' fees drafting the successful opposition the motion for protective order, (Docket Entry No. 51, Ex. C). T-M states that it attempted in good faith to resolve its disputes with opposing counsel before filing its motion to compel. (Docket Entry No. 52, Ex. E).

GlobaLease's tax returns are not privileged for purposes of postjudgment discovery; confidentiality concerns about the contents of financial statements do not justify a wholesale refusal to produce; and its relevance objections to producing any of the corporate governance documents are unfounded. GlobaLease may file a written submission by December 15, 2008, showing cause why this court should not order it to pay attorneys' fees in the amount of $2,600.

**III.    Conclusion**

GlobaLease's motion for protective order is denied. T-M's motion to compel is granted. GlobaLease is ORDERED to produce the documents sought, subject to the date restrictions to which T-M has agreed (Docket Entry No. 51 at 4, Ex. B), no later than December 15, 2008. GlobaLease is also ORDERED to make Berry available for deposition no later than December 31, 2008. GlobaLease is ORDERED to show cause by December 15, 2008 why this court should not order it to pay T-M's attorneys' fees in the amount of $2,600.

SIGNED on November 25, 2008, at Houston, Texas.

                                        Lee H. Rosenthal
                                    United States District Judge